1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SEAN M. PARK, et al.,                           CASE NO. 10cv2408 DMS (RBB)

12                               Plaintiffs,

13                 vs.                               **ORDER DENYING PLAINTIFFS'**
                                                     **MOTION FOR TEMPORARY**
14                                                   **RESTRAINING ORDER**
     NATIONAL CITY MORTGAGE BANK, et
15   al.,                                            **[Docket Nos. 5, 6]**

16                               Defendants.

17        This matter comes before the Court on Plaintiffs' *ex parte* motion for a temporary restraining

18   order ("TRO") to prevent Defendants from foreclosing on Plaintiffs' property.  Plaintiffs, who are

19   proceeding *pro se*, filed the present case on November 22, 2010, and filed the present motion on

20   November 29, 2010.  It appears Plaintiffs have served copies of all of their filings on Defendant Quality

21   Loan Service Corporation only.  No party has filed an opposition to the motion.

22                                            **I.**

23                                      **BACKGROUND**

24        Plaintiffs allege they are the owners of real property located at 2011-2017 W. Island Avenue,

25   San Diego, California.  On August 3, 2005, Plaintiffs obtained a loan from Defendant National City

26   Bank of Indiana to purchase the property.  On March 22, 2010, National City Bank assigned its interest

27   in the property to Defendant Green Tree Servicing LLC.  On July 29, 2010, Defendant Green Tree,

28   through Defendant Quality Loan Service Corporation, filed a Notice of Default on Plaintiffs' property.

On September 10, 2010, Defendant Green Tree filed a Substitution of Trustee for Plaintiffs' property substituting Defendant Quality Loan as trustee. On November 2, 2010, Defendant Quality Loan filed a Notice of Trustee's Sale on Plaintiffs' property, scheduling the sale for November 23, 2010. The sale has since been postponed to February 7, 2011.

Plaintiffs' allege that in March 2010 they entered into a contract with Defendant Green Tree to modify the loan on their property. Plaintiffs believed that this was a permanent loan modification, and they made the first three payments as required. In June 2010, Plaintiffs were informed that their request for a loan modification had been denied. Plaintiffs thereafter sent a qualified written request ("QWR") to Defendant Green Tree in which they disputed the debt and requested an accounting. Plaintiffs allege Defendants have not responded to Plaintiffs' QWR. Plaintiffs also allege that they arranged for a sale of the property in October 2010, but Defendants refused to proceed with that sale, instead opting to foreclosure on the property.

The First Amended Complaint alleges the following claims for relief: (1) violation of the Truth in Lending Act ("TILA"), (2) violation of California's Fair Debt Collection Practices Act ("the Rosenthal Act"), (3) violation of the federal Fair Debt Collection Practices Act ("the FDCPA"), (4) wrongful foreclosure, (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), (6) breach of fiduciary duty, (7) intentional misrepresentation, (8) negligent misrepresentation, (9) violation of California Business and Professions Code § 17200, (10) breach of contract, (11) breach of the implied covenant of good faith and fair dealing, (12) quiet title, (13) injunctive relief, (14) rescission and (15) accounting.

## II.

## DISCUSSION

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.") The standard for issuing a temporary restraining order is

1  identical to the standard for issuing a preliminary injunction.  *Lockheed Missile & Space Co., Inc. v.*

2  *Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A party seeking injunctive relief under

3  Federal Rule of Civil Procedure 65 must show "that he is likely to succeed on the merits, that he is likely

4  to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

5  favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns v. City of Los Angeles*, 559

6  F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129

7  S.Ct. 365, 374 (2008)).

8       Here, Plaintiffs have not shown that they are likely to succeed on the merits of any of their

9  claims.  Furthermore, in light of the postponement of the trustee's sale, Plaintiffs are unlikely to suffer

10  irreparable harm in the absence of immediate and preliminary relief.  In the absence of a showing that

11  either of these elements has been met, Plaintiffs are not entitled to a temporary restraining order.

**III.**

**CONCLUSION**

14       For these reasons, Plaintiffs' *ex parte* motion for temporary restraining order is denied.

15       **IT IS SO ORDERED**.

16  DATED:  December 6, 2010

                                  _____

HON. DANA M. SABRAW
United States District Judge