1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

SEAN M. PARK, et al.,

12

Plaintiffs,

13

vs.

14
15
16

NATIONAL CITY MORTGAGE BANK, et al.,

17

Defendants.

18

CASE NO. 10cv2408 DMS (RBB)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS QUALITY LOAN SERVICE CORPORATION, DANIEL J. GOULDING, ESQ., ERICA TROTTER AND RONALD ALONZO'S MOTION TO DISMISS**

**[Docket No. 16]**

19        This case is the latest in a multitude of cases arising out of the housing crisis that is currently

20    gripping this country.  The facts are familiar: Plaintiffs received a loan to purchase real property.

21    Plaintiffs fell behind on the loan payments, and attempted to obtain a modification of their loan through

22    the loan servicer.  Plaintiffs believed they had obtained a modification of their loan, and made several

23    payments according to the terms of the modification.  At the same time, Plaintiffs were attempting to

24    sell the property.  Meanwhile, and unbeknownst to Plaintiffs, Defendants had not agreed to modify the

25    loan, and had not applied any of Plaintiffs' "modified" payments to the loan balance.  Defendants also

26    declined to proceed with the sale.  Accordingly, the loan fell into default, and Defendants initiated non-

27    judicial foreclosure proceedings on the property.  In an attempt to avoid the sale of their property,

28    Plaintiffs filed the present case.

As in many, if not most, of these cases, the Plaintiffs are proceeding *pro se*. They have named as Defendants a number of corporate entities involved in the origination and servicing of their loan, and the attempted foreclosure proceedings. Plaintiffs have also named individual employees of those corporate entities as Defendants in this case. Faced with the loss of their property, Plaintiffs allege numerous claims for relief under both federal and state statutes and common law.

Defendants Quality Loan Service Corporation, Daniel J. Goulding, Erica Trotter and Ronald Alonzo now move to dismiss Plaintiffs' First Amended Complaint ("FAC") in its entirety. Plaintiffs filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

## I.

## BACKGROUND

Plaintiffs allege they are the owners of real property located at 2011-2017 W. Island Avenue, San Diego, California. On August 3, 2005, Plaintiffs obtained a loan from Defendant National City Bank of Indiana to purchase the property. (Req. for Judicial Notice in Supp. of Mot. ("RJN"), Ex. A.) On March 22, 2010, National City Bank assigned its interest in the property to Defendant Green Tree Servicing LLC. (*Id.*) On July 29, 2010, Defendant Green Tree, through Defendant Quality Loan Service Corporation, filed a Notice of Default on Plaintiffs' property. (RJN, Ex. B.) On September 10, 2010, Defendant Green Tree filed a Substitution of Trustee for Plaintiffs' property substituting Defendant Quality Loan as trustee. (RJN, Ex. C.) On November 2, 2010, Defendant Quality Loan filed a Notice of Trustee's Sale on Plaintiffs' property, scheduling the sale for November 23, 2010. (RJN, Ex. D.) The sale has since been postponed.

Plaintiffs allege that in March 2010 they entered into a contract with Defendant Green Tree to modify the loan on their property. Plaintiffs believed this was a permanent loan modification, (FAC at 2), and they made the first three payments as required. (*Id.* at 2-3.) Thereafter, Plaintiffs learned that their request for a loan modification had been denied. Plaintiffs sent a qualified written request ("QWR") to Defendants in which they disputed the debt and requested an accounting. (*Id.* ¶ 96.) Plaintiffs allege Defendants have not responded to Plaintiffs' QWR. (*Id.*) Plaintiffs also allege that they / / /

1  arranged for a sale of the property, but Defendants refused to proceed with that sale, instead opting to

2  foreclose on the property.  (*Id.* at 2.)

3        The First Amended Complaint alleges the following claims for relief:  (1) violation of the Truth

4  in Lending Act ("TILA"), (2) violation of California's Fair Debt Collection Practices Act ("the

5  Rosenthal Act"), (3) violation of the federal Fair Debt Collection Practices Act ("the FDCPA"), (4)

6  wrongful foreclosure, (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), (6) breach

7  of fiduciary duty, (7) intentional misrepresentation, (8) negligent misrepresentation, (9) violation of

8  California Business and Professions Code § 17200, (10) breach of contract, (11) breach of the implied

9  covenant of good faith and fair dealing, (12) quiet title, (13) injunctive relief, (14) rescission and (15)

10  accounting.

11  **II.**

12  **DISCUSSION**

13        Defendants move to dismiss the First Amended Complaint in its entirety.  They argue each of

14  Plaintiffs' claims fails to state a claim for relief.  Plaintiffs dispute Defendants' arguments and oppose

15  dismissal of their First Amended Complaint.

16  **A.**    **Standard of Review**

17        In two recent opinions, the Supreme Court established a more stringent standard of review for

18  12(b)(6) motions.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v.*

19  *Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss under this new standard, "a complaint

20  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

21  face.'"  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

22  when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

23  defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

24        "Determining whether a complaint states a plausible claim for relief will ... be a context-specific

25  task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950

26  (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by

27  identifying the allegations in the complaint that are not entitled to the assumption of truth."  *Id.* at 1951.

28  / / /

1   It then considered "the factual allegations in respondent's complaint to determine if they plausibly

2   suggest an entitlement to relief." *Id.* at 1951.

3       In this case, the Court approaches its task of deciding the motion to dismiss while keeping in

4   mind the admonition from the Supreme Court that "[a] document filed *pro se* is 'to be liberally

5   construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

6   than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

7   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations omitted).  That Plaintiffs are proceeding

8   *pro se* does not relieve Defendants of their burden to show that dismissal is appropriate.  *See Abbey v.*

9   *Hawaii Employers Mutual Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL 4273111, at *4 (D. Hawaii

10  Oct. 22, 2010) (stating that although pro se complaint "is not a model of clarity," defendant bears burden

11  of persuading court that dismissal is warranted.  Furthermore, "a motion to dismiss is not the

12  appropriate procedural vehicle to test the *merits* of Plaintiff's FAC and the claims asserted therein."

13  *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23,

14  2010) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  Rather, on a motion to dismiss the

15  Court's review is limited to determining whether the factual allegations in the complaint state a plausible

16  claim for relief.

17  **B.    TILA Claim**

18      The first claim at issue is Plaintiffs' claim that Defendants violated TILA.  Specifically, Plaintiffs

19  allege Defendants violated TILA with respect to the alleged loan modification.  Defendants argue this

20  claim must be dismissed for two reasons.  First, they assert TILA does not apply to loan modifications.

21  Second, Defendants contend that even if TILA applies, they were not parties to the loan modification,

22  therefore the claim must be dismissed against them.

23      Defendants have not provided the Court with any authority to support their first argument, and

24  their second argument is nothing more than a denial of the factual allegations in the First Amended

25  Complaint.  Neither of these arguments warrants dismissal of Plaintiffs' TILA claim.  Accordingly,

26  Defendants' motion to dismiss this claim is denied.

27  / / /

28  / / /

**C.      Debt Collection Claims**

Plaintiffs' second and third claims allege violations of the Rosenthal Act and the FDCPA, respectively.  Defendants argue these claims must be dismissed because Plaintiffs have failed to allege Defendants are "debt collectors" under the statutes.  Defendants are correct, and thus, the Court dismisses these claims as against these Defendants.

**D.      Wrongful Foreclosure**

Plaintiffs' fourth claim is for wrongful foreclosure.  Defendants argue they are immune from this claim pursuant to California Civil Code § 2924(b).  That statute provides: "In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage."  Cal. Civ. Code § 2924(b).  Other than citing the statute, however, Defendants do no explain which party has the burden to prove that this privilege applies, or whether it is appropriate for the Court to determine as a matter of law that the privilege applies.  Accordingly, Defendants' motion to dismiss this claim is denied.

**E.      RESPA Claim**

In their fifth claim, Plaintiffs allege Defendants violated RESPA.  Defendants raise four arguments in support of their request to dismiss this claim.  First, Defendants argue Plaintiffs "fail to show that Servicing Statements were required at the time the loan was allegedly modified."  (P. & A. in Supp. of Mot. at 10.)  However, Plaintiffs need not "show" anything at this stage of the case.  They need only allege facts supporting their claims, and they have alleged that Defendants failed to provide a Servicing Statement, as required by RESPA.

Second, Defendants assert Plaintiffs have failed to provide any "facts demonstrating that they made an identifiable inquiry as to account balances relating to the servicing of the loan under 12 USC §2605(e)(1)(A)."  (*Id.*)  This argument, however, is belied by the FAC, wherein Plaintiffs allege that Defendants failed to "properly respond to a Qualified Written Request as set forth in 12 U.S.C. § 2605(E) and Reg. X § 3500.21(e)[.]"  (FAC ¶ 96.)

Third, Defendants contend Plaintiffs failed to allege "that QUALITY or AGENTS executed the loan modification or were required to respond to the alleged QWR as clearly DEFENDANTS were not

1  the servicer of the loan." (P. & A. in Supp. of Mot. at 10.) However, Plaintiffs do allege that

2  Defendants were involved in the alleged loan modification, and Defendants fail to explain how their

3  status or non-status as loan servicers relates to the RESPA claim.

4    Finally, Defendants argue "PLAINTIFFS fail to state any cause of action as they fail to state they

5  suffered any specific damages." (*Id.*) Again, however, the FAC does so allege. (*See* FAC ¶ 99.)

6  Because none of Defendants' argument warrant dismissal, the Court denies Defendants' request to

7  dismiss this claim.

8  **F.  Breach of Fiduciary Duty**

9    Plaintiffs' sixth claim alleges Defendants breached their fiduciary duty to Plaintiffs. Defendants'

10  arguments in support of their request to dismiss this claim are conclusory and ignore the factual

11  allegations in the FAC. Furthermore, Defendants fail to cite any legal authority to support their

12  argument that an agreement or contract is required for a breach of fiduciary duty claim. Accordingly,

13  the Court denies the motion to dismiss this claim.

14  **G.  Fraud/Intentional Misrepresentation**

15    Plaintiffs' seventh and eighth claims allege intentional and negligent misrepresentation,

16  respectively. Defendants argue these claims should be dismissed for several reasons, most notably for

17  failure to comply with Federal Rule of Civil Procedure 9(b).

18    A fraud-based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how"

19  of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The

20  allegations in the FAC do not meet this standard. Indeed, Plaintiffs fail to identify which particular

21  Defendant made which particular misrepresentation, or when or where that conduct occurred. Absent

22  compliance with Rule 9(b), the Court grants the motion to dismiss these claims.

23  **H.  California Business and Professions Code § 17200**

24    Plaintiffs' ninth claim alleges Defendants violated California Business and Professions Code §

25  17200. Despite these allegations, Defendants argue "PLAINTIFFS make no allegations that

26  DEFENDANTS engaged in unlawful, unfair and/or fraudulent business practices." (P. & A. in Supp.

27  of Mot. at 14.) This argument is contrary to the allegations in the FAC, and does not warrant dismissal

28  / / /

1   of this claim.  Defendants' only other argument is this claim should be dismissed because Plaintiffs'

2   other claims fail.  Because the Court disagrees, it denies the motion to dismiss this claim.

3   **I.      Breach of Contract**

4           The tenth claim alleged in this case is for breach of contract.  Defendants argue this claim should

5   be dismissed because they do not have a contract with Plaintiffs.  Defendants also assert that Plaintiffs

6   have failed to perform their obligations under the contract.  Contrary to Defendants' argument, Plaintiffs

7   do allege they have a contract with Defendants, namely the alleged loan modification agreement.

8   Furthermore, Plaintiffs do allege that they performed all their obligations under that contract.

9   Nevertheless, Plaintiffs fail to set out the terms of the contract in the FAC, and they fail to attach a copy

10  of the contract to the FAC.  These deficiencies warrant dismissal of this claim.  *See Holcomb v. Wells*

11  *Fargo Bank, N.A.*, 155 Cal. App. 4th 490, 501 (2007) (finding no error in dismissal of breach of contract

12  claim due to failure to specify specific terms of contract).[1]

13  **J.      Quiet Title**

14          Plaintiffs' next claim is for quiet title.  Defendants argue this claim should be dismissed because

15  they do not claim any interest in the subject property, and because Plaintiffs have failed to tender.  The

16  first argument raises a factual dispute that is inappropriate for resolution on the present motion to

17  dismiss.  The second argument, however, is more persuasive.  *See Shimpones v. Stickney*, 219 Cal. 637,

18  649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee

19  without paying the debt secured.")  Accordingly, the Court grants the motion to dismiss this claim.

20  **K.      Injunctive Relief**

21          Plaintiffs' thirteenth claim is for injunctive relief.  Defendants move to dismiss this claim on the

22  ground it is a remedy, not a claim for relief.  Defendants are correct, *see Shell Oil Co. v. Richter*, 52 Cal.

23  App. 2d 164, 168 (1942) (stating injunctive relief is remedy, not a cause of action), and thus the Court

24  grants the motion to dismiss this claim.

25  / / /

26  / / /

27  _____

28          [1] Defendants assert the same arguments in support of their request for dismissal of Plaintiffs'
    eleventh claim for bad faith.  For the reasons set forth above, the Court grants the motion to dismiss
    that claim, as well.

**L.    Rescission**

Plaintiffs' fourteenth claim is for rescission.  The legal basis for this claim is unclear, but it appears to be based on TILA and California Civil Code § 1632(k).  To the extent Plaintiffs rely on TILA as the legal basis for this claim, the Court denies the motion to dismiss for the reasons set out above in Section II.B.  To the extent Plaintiffs rely on California Civil Code § 1632(k), Defendants argue that statute does not apply to loans secured by real property.  However, the statute applies to "a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code," Cal. Civ. Code § 1632(b)(4), which "in turn, applies to certain real estate loans secured by real property that are negotiated exclusively by a real estate broker." *Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, 1234 (S.D. Cal. 2009) (citing Cal. Bus. & Prof. Code § 10204).  Defendants have not shown that Plaintiffs have failed to plead these elements of the statute.  Accordingly, Defendants' motion to dismiss this claim is denied.

**M.    Accounting**

Plaintiffs' final claim is for an accounting.  Defendants argue Plaintiffs have failed to establish the elements of a claim for accounting.  However, as stated above, Plaintiffs need not establish anything at this stage of the case.  They need only allege facts supporting their claims.  Nevertheless, and for the reasons set out in the Court's order on Defendants Green Tree Servicing, LLC, Marylou Jauregui, Jeremiah Pickett and Jason Pratt's motion to dismiss, the Court grants the motion to dismiss this claim.

**III.**

**CONCLUSION AND ORDER**

For these reasons, the Court grants in part and denies in part Defendants' motion to dismiss. Specifically, the Court grants Defendants' motion to dismiss Plaintiff's second, third, seventh, eighth, tenth, eleventh, twelfth, thirteenth and fifteenth claims as against the moving Defendants.  The Court denies Defendants' motion to dismiss the remainder of Plaintiffs' claims.

In accordance with Plaintiffs' request, Plaintiffs are granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out in this Order.  Plaintiffs are cautioned that if their Second Amended Complaint does not cure these deficiencies, their claims will be dismissed with

1  prejudice and without leave to amend.  The Second Amended Complaint shall be filed on or before

2  March 15, 2011.

3      **IT IS SO ORDERED**.

4  DATED:  March 1, 2011

5  _____

6      HON. DANA M. SABRAW
       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28