## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK, et al.,<br><br>                Plaintiffs,<br><br>  vs.<br><br><br>NATIONAL CITY MORTGAGE BANK, et al.,<br><br>                Defendants. | CASE NO. 10cv2408 DMS (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GREEN TREE SERVICING, LLC, MARYLOU JAUREGUI, JEREMIAH PICKETT AND JASON PRATT'S MOTION TO DISMISS**<br><br>**[Docket No. 19]** |

      This case is the latest in a multitude of cases arising out of the housing crisis that is currently gripping this country. The facts are familiar: Plaintiffs received a loan to purchase real property. Plaintiffs fell behind on the loan payments, and attempted to obtain a modification of their loan through the loan servicer. Plaintiffs believed they had obtained a modification of their loan, and made several payments according to the terms of the modification. At the same time, Plaintiffs were attempting to sell the property. Meanwhile, and unbeknownst to Plaintiffs, Defendants had not agreed to modify the loan, and had not applied any of Plaintiffs' "modified" payments to the loan balance. Defendants also declined to proceed with the sale. Accordingly, the loan fell into default, and Defendants initiated non-judicial foreclosure proceedings on the property. In an attempt to avoid the sale of their property, Plaintiffs filed the present case.

As in many, if not most, of these cases, the Plaintiffs are proceeding *pro se*. They have named as Defendants a number of corporate entities involved in the origination and servicing of their loan, and the attempted foreclosure proceedings. Plaintiffs have also named individual employees of those corporate entities as Defendants in this case. Faced with the loss of their property, Plaintiffs allege numerous claims for relief under both federal and state statutes and common law.

Defendants Green Tree Servicing, LLC, Marylou Jauregui, Jeremiah Pickett and Jason Pratt now move to dismiss Plaintiffs' First Amended Complaint ("FAC") in its entirety. Plaintiffs filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

## I.

## BACKGROUND

Plaintiffs allege they are the owners of real property located at 2011-2017 W. Island Avenue, San Diego, California. On August 3, 2005, Plaintiffs obtained a loan from Defendant National City Bank of Indiana to purchase the property. (Req. for Judicial Notice in Supp. of Mot. ("RJN"), Ex. A.) On March 22, 2010, National City Bank assigned its interest in the property to Defendant Green Tree Servicing LLC. (*Id.*) On July 29, 2010, Defendant Green Tree, through Defendant Quality Loan Service Corporation, filed a Notice of Default on Plaintiffs' property. (RJN, Ex. B.) On September 10, 2010, Defendant Green Tree filed a Substitution of Trustee for Plaintiffs' property substituting Defendant Quality Loan as trustee. (RJN, Ex. C.) On November 2, 2010, Defendant Quality Loan filed a Notice of Trustee's Sale on Plaintiffs' property, scheduling the sale for November 23, 2010. (RJN, Ex. D.) The sale has since been postponed.

Plaintiffs allege that in March 2010 they entered into a contract with Defendant Green Tree to modify the loan on their property. Plaintiffs believed this was a permanent loan modification, (FAC at 2), and they made the first three payments as required. (*Id.* at 2-3.) Thereafter, Plaintiffs learned that their request for a loan modification had been denied. Plaintiffs sent a qualified written request ("QWR") to Defendants in which they disputed the debt and requested an accounting. (*Id.* ¶ 96.) Plaintiffs allege Defendants have not responded to Plaintiffs' QWR. (*Id.*) Plaintiffs also allege that they

///

arranged for a sale of the property, but Defendants refused to proceed with that sale, instead opting to foreclose on the property. (*Id.* at 2.)

The First Amended Complaint alleges the following claims for relief: (1) violation of the Truth in Lending Act ("TILA"), (2) violation of California's Fair Debt Collection Practices Act ("the Rosenthal Act"), (3) violation of the federal Fair Debt Collection Practices Act ("the FDCPA"), (4) wrongful foreclosure, (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), (6) breach of fiduciary duty, (7) intentional misrepresentation, (8) negligent misrepresentation, (9) violation of California Business and Professions Code § 17200, (10) breach of contract, (11) breach of the implied covenant of good faith and fair dealing, (12) quiet title, (13) injunctive relief, (14) rescission and (15) accounting.

## II.

## DISCUSSION

Defendants move to dismiss the First Amended Complaint in its entirety. They argue each of Plaintiffs' claims fails to state a claim for relief. Plaintiffs dispute Defendants' arguments and oppose dismissal of their First Amended Complaint.

**A.  Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951.

///

1  It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

In this case, the Court approaches its task of deciding the motion to dismiss while keeping in mind the admonition from the Supreme Court that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations omitted). That Plaintiffs are proceeding *pro se* does not relieve Defendants of their burden to show that dismissal is appropriate. *See Abbey v. Hawaii Employers Mutual Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL 4273111, at *4 (D. Hawaii Oct. 22, 2010) (stating that although pro se complaint "is not a model of clarity," defendant bears burden of persuading court that dismissal is warranted). Furthermore, "a motion to dismiss is not the appropriate procedural vehicle to test the *merits* of Plaintiff's FAC and the claims asserted therein." *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Rather, on a motion to dismiss the Court's review is limited to determining whether the factual allegations in the complaint state a plausible claim for relief.

**B.    TILA Claim**

The first claim at issue is Plaintiffs' claim that Defendants violated TILA. Specifically, Plaintiffs allege Defendants violated TILA with respect to the alleged loan modification. Defendants argue this claim must be dismissed for two reasons. First, they assert they are not liable under TILA. Second, Defendants contend Plaintiffs' claim is untimely.

Defendants' first argument is an attack on the merits of Plaintiffs' claim rather than an attack on the pleadings. Defendants' second argument is more appropriate for resolution on a motion to dismiss, but it does not warrant dismissal of this claim. Contrary to Defendants' argument, Plaintiffs' claim does not arise from the original loan, but rather appears to be based on the loan modification, which allegedly occurred in March 2010. As so construed, the claim is not untimely. Accordingly, the Court denies Defendants' motion to dismiss this claim.

///

### C. Debt Collection Claims

Plaintiffs' second and third claims allege violations of the Rosenthal Act and the FDCPA, respectively. Defendants argue these claims must be dismissed because Plaintiffs have failed to allege any facts in support. The Court disagrees. (*See* FAC ¶¶ 71, 78, 79.) Accordingly, Defendants' motion to dismiss these claims is denied.

### D. Wrongful Foreclosure

Plaintiffs' fourth claim is for wrongful foreclosure. Specifically, Plaintiffs appear to allege violations of California Civil Code §§ 2924h(g) and 2923.5(b). Defendants argue Plaintiffs' § 2924h(g) claim must he dismissed because that statute only applies to trustee's sales, and no trustee's sale has occurred in this case. The Court agrees, and thus grants the motion to dismiss this claim to the extent it relies on § 2924h(g).

Defendants also assert that they complied with § 2923.5(b), as evidenced by the Notice of Default and Election to Sell Under Deed of Trust. (*See* Req. for Judicial Notice ("RJN"), Ex. 4.)[1] That document includes a "Declaration re: Borrower Contact and Due Diligence Pursuant to CC §2923.5 and Instructions to Trustee Re: Notice of Default," which reflects Defendants' compliance with § 2923.5(b). Accordingly, the Court grants the motion to dismiss this claim to the extent it relies on § 2923.5(b).

### E. RESPA Claim

In their fifth claim, Plaintiffs allege Defendants violated RESPA. Specifically, Plaintiffs allege Defendants (1) failed to provide a Servicing Statement as required by 12 U.S.C. § 2605(a) and Reg. X § 3500.21(b), (2) failed to respond to a Qualified Written Request ("QWR") as required by 12 U.S.C. § 2605(e) and Reg. X § 3500.21(e), (3) failed to make corrections to Plaintiffs' account and (4) failed to provide the name and telephone number of the servicer representative. (FAC ¶ 96.) Defendants argue this claim should be dismissed because Plaintiffs failed to allege sufficient facts in support and Plaintiffs failed to allege they suffered any damages.

/ / /

---

[1] The Court takes judicial notice of this document pursuant to Federal Rule of Evidence 201. *See Johnson v. Bank United F.S.B.*, No. 2:10-cv-02567-GEB-KJM, 2010 WL 5287551, at *2 (E.D. Cal. Dec. 17, 2010) (taking judicial notice of Notice of Default and Election to Sell under Deed of Trust).

1  The Court disagrees with each argument. Although Plaintiffs' FAC is not a model of clarity, Plaintiffs have alleged sufficient facts to support their RESPA claim. Defendants fault Plaintiffs for not alleging facts concerning a transfer of their loan, but their RESPA claim does not depend on their loan being transferred. Thus, this argument does not warrant dismissal. Defendants also argue Plaintiffs have failed to provide sufficient facts surrounding their QWR, but the Court disagrees. (*See id.*) Finally, Defendants argue Plaintiffs have failed to allege any facts to support the element of damages. However, the FAC does so allege. (*See id.* ¶ 99.) Because none of Defendants' argument warrant dismissal, the Court denies Defendants' request to dismiss this claim.

**F.  Breach of Fiduciary Duty**

Plaintiffs' sixth claim alleges Defendants breached their fiduciary duty to Plaintiffs. Defendants argue this claim is conclusory, and thus should be dismissed. This argument does not warrant dismissal. Accordingly, the Court denies the motion to dismiss this claim.

**G.  Fraud/Intentional Misrepresentation**

Plaintiffs' seventh and eighth claims allege intentional and negligent misrepresentation, respectively. Defendants argue these claims should be dismissed for several reasons, most notably for failure to comply with Federal Rule of Civil Procedure 9(b).

A fraud-based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The allegations in the FAC do not meet this standard. Indeed, Plaintiffs fail to identify which particular Defendant made which particular misrepresentation, or when or where that conduct occurred. Absent compliance with Rule 9(b), the Court grants the motion to dismiss these claims.

**H.  California Business and Professions Code § 17200**

Plaintiffs' ninth claim alleges Defendants violated California Business and Professions Code § 17200. Defendants argue this claim should be dismissed because Plaintiffs fail to allege which prong of the statute Defendants have allegedly violated. However, Plaintiffs do so allege. (*See* FAC ¶ 127.) Defendants' only other argument is this claim should be dismissed because Plaintiffs' other claims fail. Because the Court disagrees, it denies the motion to dismiss this claim.

///

**I.      Breach of Contract**

Plaintiffs' tenth claim alleges breach of contract. Defendants argue this claim should be dismissed because Plaintiffs fail to set out the terms of the contract in the FAC, and they fail to attach a copy of the contract to the FAC. The Court agrees, and thus dismisses this claim against these Defendants. *See Holcomb v. Wells Fargo Bank, N.A.*, 155 Cal. App. 4th 490, 501 (2007) (finding no error in dismissal of breach of contract claim due to failure to specify specific terms of contract).[2]

**J.      Quiet Title**

Plaintiffs' next claim is for quiet title. Defendants argue this claim should be dismissed because Plaintiffs have failed to state a valid claim against Defendants, and because Plaintiffs have failed to tender. The Court agrees with the latter argument, *see Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."), and therefore grants the motion to dismiss this claim.

**K.      Injunctive Relief**

Plaintiffs' thirteenth claim is for injunctive relief. Defendants move to dismiss this claim on the ground it is a remedy, not a claim for relief. Defendants are correct, *see Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942) (stating injunctive relief is remedy, not a cause of action), and thus the Court grants the motion to dismiss this claim.

**L.      Rescission**

Plaintiffs' fourteenth claim is for rescission. The legal basis for this claim is unclear, but it appears to be based on TILA and California Civil Code § 1632(k). To the extent Plaintiffs rely on TILA as the legal basis for this claim, Defendants argue the claim is untimely. However, Defendants' argument rests on the assumption that this claim is based on the original loan. Because Plaintiffs' claim is based on the alleged loan modification, this argument does not warrant dismissal.

To the extent Plaintiffs rely on California Civil Code § 1632(k), Defendants argue that statute does not apply to loans secured by real property. However, the statute applies to "a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of

---

[2] Defendants assert the same argument in support of their request for dismissal of Plaintiffs' eleventh claim for bad faith. For the reasons set forth above, the Court grants the motion to dismiss that claim as to these Defendants, as well.

1 credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part
2 1 of Division 4 of the Business and Professions Code," Cal. Civ. Code § 1632(b)(4), which "in turn,
3 applies to certain real estate loans secured by real property that are negotiated exclusively by a real
4 estate broker." *Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, 1234 (S.D. Cal. 2009) (citing
5 Cal. Bus. & Prof. Code § 10204).  Defendants have not shown that Plaintiffs have failed to plead these
6 elements of the statute.  Accordingly, Defendants' motion to dismiss this claim is denied.

**M.     Accounting**

Plaintiffs' final claim is for an accounting.  Defendants argue this claim should be dismissed because they do not owe Plaintiffs any money, accounting is a remedy, not a claim for relief, and Plaintiffs have failed to allege the existence of a fiduciary relationship.  To state a claim for an accounting, Plaintiffs must state facts showing circumstances that require an accounting in equity and that "some balance is due the plaintiff."  *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (1950).  Here, Plaintiffs have not alleged that any balance is due to them.  Moreover, an accounting claim is not a vehicle to determine liability.  *Fairbairn v. Fairbairn*, 194 Cal. App.2d 501, 513 (Cal. App.1.Dist.1961) (plaintiff only entitled to an accounting if there is fraud).  Accordingly, the Court grants the motion to dismiss this claim.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Defendants' motion to dismiss. Specifically, the Court grants Defendants' motion to dismiss Plaintiff's seventh, eighth, tenth, eleventh, twelfth, thirteenth and fifteenth claims as against the moving Defendants.  The Court denies Defendants' motion to dismiss the remainder of Plaintiffs' claims.

In accordance with Plaintiffs' request, Plaintiffs are granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out in this Order.  Plaintiffs are cautioned that if their

/ / /
/ / /
/ / /
/ / /

Second Amended Complaint does not cure these deficiencies, their claims will be dismissed with prejudice and without leave to amend. The Second Amended Complaint shall be filed on or before March 15, 2011.

**IT IS SO ORDERED**.

DATED: March 1, 2011

HON. DANA M. SABRAW
United States District Judge