# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL CITY MORTGAGE BANK, et al.,<br><br>Defendants. | CASE NO. 10cv2408 DMS (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S MOTION TO DISMISS**<br><br>**[Docket No. 42]** |

This case returns to the Court on Defendant PNC Bank, N.A.'s motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). Plaintiffs filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendant's motion.

## I.
## BACKGROUND

Plaintiffs allege they are the owners of real property located at 2011-2017 W. Island Avenue, San Diego, California. On August 3, 2005, Plaintiffs obtained a loan from Defendant National City Bank of Indiana to purchase the property. (Req. for Judicial Notice in Supp. of Mot. ("RJN"), Ex. A.) On March 22, 2010, National City Bank assigned its interest in the property to Defendant Green Tree Servicing LLC. (RJN, Ex. D.) On July 29, 2010, Defendant Green Tree, through Defendant Quality Loan Service Corporation, filed a Notice of Default on Plaintiffs' property. (RJN, Ex. B.) On

September 10, 2010, Defendant Green Tree filed a Substitution of Trustee for Plaintiffs' property substituting Defendant Quality Loan as trustee. On November 2, 2010, Defendant Quality Loan filed a Notice of Trustee's Sale on Plaintiffs' property, scheduling the sale for November 23, 2010. (RJN, Ex. C.) The sale has since been postponed.

Plaintiffs allege that in March 2010 they entered into a contract with Defendant Green Tree to modify the loan on their property. Plaintiffs believed this was a permanent loan modification, (SAC at 29), and they made the first three payments as required. (*Id.* ¶ 137.) Thereafter, Plaintiffs learned that their request for a loan modification had been denied. (*Id.* ¶ 139.) Plaintiffs allege they sent a qualified written request ("QWR") to Defendants in which they disputed the debt and requested an accounting. (*Id.* ¶ 144.) Plaintiffs allege Defendants have not responded to Plaintiffs' QWR. (*Id.* ¶ 145.) Plaintiffs also allege that they arranged for a sale of the property, but Defendants refused to proceed with that sale, instead opting to foreclose on the property. (*Id.* ¶ 16.)

The Second Amended Complaint alleges the same claims presented in the First Amended Complaint ("FAC"), with the exception of the claim for injunctive relief, which has been omitted: (1) violation of the Truth in Lending Act ("TILA"), (2) violation of California's Fair Debt Collection Practices Act ("the Rosenthal Act"), (3) violation of the federal Fair Debt Collection Practices Act ("the FDCPA"), (4) wrongful foreclosure, (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), (6) breach of fiduciary duty, (7) intentional misrepresentation, (8) negligent misrepresentation, (9) violation of California Business and Professions Code § 17200, (10) breach of contract, (11) breach of the implied covenant of good faith and fair dealing, (12) quiet title, (13) rescission and (14) accounting.[1]

## II.

## DISCUSSION

Defendant moves to dismiss the Second Amended Complaint in its entirety. It argues each of Plaintiffs' claims fails to state a claim for relief.

---

[1] It appears Plaintiffs forgot to renumber their last two claims for relief. Thus, the rescission claim is listed as claim 14, when it should be claim 13, and the accounting claim is listed as claim 15 when it should be claim 14. The Court refers to these claims by their intended numbers, *i.e.*, as claims 13 and 14, in the remainder of this order.

**A.     Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

In this case, the Court approaches its task of deciding the motion to dismiss while keeping in mind the admonition from the Supreme Court that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations omitted). That Plaintiffs are proceeding *pro se* does not relieve Defendants of their burden to show that dismissal is appropriate. *See Abbey v. Hawaii Employers Mutual Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL 4273111, at *4 (D. Hawaii Oct. 22, 2010) (stating that although pro se complaint "is not a model of clarity," defendant bears burden of persuading court that dismissal is warranted). Furthermore, "a motion to dismiss is not the appropriate procedural vehicle to test the *merits* of Plaintiff's FAC and the claims asserted therein." *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Rather, on a motion to dismiss the Court's review is limited to determining whether the factual allegations in the complaint state a plausible claim for relief.

**B.     TILA Claim**

The first claim at issue is Plaintiffs' claim that Defendant violated TILA. Specifically, Plaintiffs allege Defendant violated TILA with respect to the alleged loan modification. Defendant argues this claim must be dismissed for two reasons. First, it asserts TILA does not apply to the alleged loan modification. Second, Defendant contends that even if TILA did apply to the alleged loan modification, it is not a party to that agreement.

Plaintiffs did not provide a copy of the alleged loan modification with the FAC, but they have attached a copy to their SAC, and it confirms that Defendant is not a party to that alleged agreement. Accordingly, the Court grants the motion to dismiss this claim with prejudice as against this Defendant.[2]

**C.     Debt Collection Claims**

Plaintiffs' second and third claims allege violations of the Rosenthal Act and the FDCPA, respectively. Defendant argues these claims must be dismissed because Plaintiffs have failed to allege Defendant is a debt collector under the statutes, Plaintiffs have failed to allege any facts to support their agency theory, and foreclosure pursuant to a deed of trust is not debt collection.

Contrary to Defendant's argument, Plaintiffs do allege the "foreclosing defendants" are acting as debt collectors under the statutes, and they also allege Defendant PNC is a "foreclosing defendant." (SAC ¶¶ 60, 72, 91.) Furthermore, Plaintiffs' debt collection claims do not rely solely on the foreclosure activity. (Id. ¶¶ 60, 65, 72, 77.) Accordingly, the Court denies Defendant's motion to dismiss these claims.

**D.     Wrongful Foreclosure**

Plaintiffs' fourth claim is for wrongful foreclosure. Defendant argues this claim should be dismissed because the foreclosure sale has not yet occurred, and Plaintiffs have failed to tender. The Court agrees with the latter argument, *see Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (citing *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021-22 (1989)) (stating plaintiffs are required to allege tender of the amount of their indebtedness to maintain any claim

---

[2] Plaintiffs' RESPA claim and their claim for rescission also arise out of the alleged loan modification. Because Defendant was not a party to that alleged agreement, the Court grants the motion to dismiss Plaintiffs' RESPA claim and Plaintiffs' rescission claim with prejudice as against this Defendant.

for irregularity in the sale procedure), and thus grants Defendant's motion to dismiss this claim with prejudice.[3]

### E. Breach of Fiduciary Duty

Plaintiffs' sixth claim alleges Defendant breached a fiduciary duty to Plaintiffs. As to Defendant PNC, this claim appears to be based on the original loan. (SAC ¶ 128.) However, the relationship between a lending institution and a borrower is not fiduciary in nature. *Nymark v. Heart Federal Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1092 n.1 (1991). A fiduciary relationship arises only where the lender takes on a special relationship with the borrower, and Plaintiffs fail to allege facts giving rise to a special relationship. Accordingly, the Court grants the motion to dismiss this claim with prejudice as against this Defendant.

### F. Misrepresentation Claims

In the order on the other Defendants' previous motion to dismiss, the Court dismissed Plaintiffs' intentional and negligent misrepresentation claims for failure to comply with Federal Rule of Civil Procedure 9(b), but granted Plaintiffs leave to amend those claims. Plaintiffs amended those claims with respect to certain Defendants, but did not add any new allegations concerning the moving Defendant. Accordingly, the Court grants Defendant's motion to dismiss these claims with prejudice as against this Defendant.

### G. California Business and Professions Code § 17200

Plaintiffs' ninth claim alleges Defendant violated California Business and Professions Code § 17200. Defendant argues this claim should be dismissed because Plaintiffs' other claims fail. Because the Court disagrees, it denies the motion to dismiss this claim.

### H. Breach of Contract

In the order on the other Defendants' previous motion to dismiss, the Court dismissed Plaintiffs' breach of contract claim because Plaintiffs failed to attach a copy of the contract to the FAC and Plaintiffs failed to set out the terms of the contract in the FAC. Plaintiffs have now attached a copy of

///

///

---

[3] Plaintiffs' failure to tender also warrants dismissal of their quiet title claim.

1  the contract to the SAC, but as Defendant points out, it is not a party to that contract. Accordingly, the
2  Court grants the motion to dismiss this claim with prejudice as against this Defendant.[4]

**I.     Accounting**

Plaintiffs' final claim is for an accounting. The Court previously dismissed this claim in response to a motion to dismiss filed by other Defendants, but gave Plaintiffs leave to amend. In accordance with the Court's previous order, and the Court's dismissal of Plaintiffs' misrepresentation claims, the Court grants the motion to dismiss Plaintiffs' accounting claim with prejudice as against this Defendant.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Defendant's motion to dismiss. Specifically, the Court grants Defendants' motion to dismiss Plaintiff's first, fourth, fifth, sixth, seventh, eighth, tenth, eleventh, twelfth, thirteenth and fourteenth claims as against the moving Defendant. The Court denies Defendant's motion to dismiss the remainder of Plaintiffs' claims.

**IT IS SO ORDERED**.

DATED: June 14, 2011

_____
HON. DANA M. SABRAW
United States District Judge

---

[4] In the absence of a contract between Plaintiffs and Defendant, the Court also grants the motion to dismiss Plaintiffs' bad faith claim with prejudice as against this Defendant.