# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br><br>NATIONAL CITY MORTGAGE BANK, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 10cv2408 DMS (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GREEN TREE SERVICING, LLC, MARYLOU JAUREGUI, JEREMIAH PICKETT AND JASON PRATT'S MOTION TO DISMISS**<br><br>**[Docket No. 43]** |

　　　This case returns to the Court on Defendants Green Tree Servicing, LLC, Marylou Jauregui, Jeremiah Pickett and Jason Pratt's motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). Plaintiffs filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

## I.
## BACKGROUND

　　　Plaintiffs allege they are the owners of real property located at 2011-2017 W. Island Avenue, San Diego, California. On August 3, 2005, Plaintiffs obtained a loan from Defendant National City Bank of Indiana to purchase the property. On March 22, 2010, National City Bank assigned its interest in the property to Defendant Green Tree Servicing LLC. (Request for Judicial Notice in Supp. of Mot. ("RJN"), Ex. 3.) On July 29, 2010, Defendant Green Tree, through Defendant Quality Loan Service

1  Corporation, filed a Notice of Default on Plaintiffs' property. (RJN, Ex. 4.) On September 10, 2010, Defendant Green Tree filed a Substitution of Trustee for Plaintiffs' property substituting Defendant Quality Loan as trustee. On November 2, 2010, Defendant Quality Loan filed a Notice of Trustee's Sale on Plaintiffs' property, scheduling the sale for November 23, 2010. The sale has since been postponed.

Plaintiffs allege that in March 2010 they entered into a contract with Defendant Green Tree to modify the loan on their property. Plaintiffs believed this was a permanent loan modification, (SAC at 29), and they made the first three payments as required. (*Id.* ¶ 137.) Thereafter, Plaintiffs learned that their request for a loan modification had been denied. (*Id.* ¶ 139.) Plaintiffs allege they sent a qualified written request ("QWR") to Defendants in which they disputed the debt and requested an accounting. (*Id.* ¶ 144.) Plaintiffs allege Defendants have not responded to Plaintiffs' QWR. (*Id.* ¶ 145.) Plaintiffs also allege that they arranged for a sale of the property, but Defendants refused to proceed with that sale, instead opting to foreclose on the property. (*Id.* ¶ 16.)

The Second Amended Complaint alleges the same claims presented in the First Amended Complaint ("FAC"), with the exception of the claim for injunctive relief, which has been omitted: (1) violation of the Truth in Lending Act ("TILA"), (2) violation of California's Fair Debt Collection Practices Act ("the Rosenthal Act"), (3) violation of the federal Fair Debt Collection Practices Act ("the FDCPA"), (4) wrongful foreclosure, (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), (6) breach of fiduciary duty, (7) intentional misrepresentation, (8) negligent misrepresentation, (9) violation of California Business and Professions Code § 17200, (10) breach of contract, (11) breach of the implied covenant of good faith and fair dealing, (12) quiet title, (13) rescission and (14) accounting.[1]

## II.

## DISCUSSION

Defendants move to dismiss the Second Amended Complaint in its entirety. They argue each of Plaintiffs' claims fails to state a claim for relief.

---

[1] It appears Plaintiffs forgot to renumber their last two claims for relief. Thus, the rescission claim is listed as claim 14, when it should be claim 13, and the accounting claim is listed as claim 15 when it should be claim 14. The Court refers to these claims by their intended numbers, *i.e.*, as claims 13 and 14, in the remainder of this order.

**A.     Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

In this case, the Court approaches its task of deciding the motion to dismiss while keeping in mind the admonition from the Supreme Court that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations omitted). That Plaintiffs are proceeding *pro se* does not relieve Defendants of their burden to show that dismissal is appropriate. *See Abbey v. Hawaii Employers Mutual Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL 4273111, at *4 (D. Hawaii Oct. 22, 2010) (stating that although pro se complaint "is not a model of clarity," defendant bears burden of persuading court that dismissal is warranted). Furthermore, "a motion to dismiss is not the appropriate procedural vehicle to test the *merits* of Plaintiff's FAC and the claims asserted therein." *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Rather, on a motion to dismiss the Court's review is limited to determining whether the factual allegations in the complaint state a plausible claim for relief.

**B.     TILA Claim**

In support of their motion to dismiss Plaintiffs' TILA claim, Defendants argue TILA does not apply to loan modifications, and even if it did, Defendants did not violate TILA. Plaintiffs do not dispute that TILA does not apply to loan modifications, and the authority cited supports Defendants' argument. Accordingly, the Court grants the motion to dismiss this claim with prejudice as against these Defendants.

**C.     Debt Collection Claims**

Plaintiffs' second and third claims allege violations of the Rosenthal Act and the FDCPA, respectively. Defendants argue these claims must be dismissed because Plaintiffs have failed to allege sufficient facts in support, including that Defendants are debt collectors under the statutes. Defendants also assert foreclosure pursuant to a deed of trust is not debt collection.

Contrary to Defendants' argument, Plaintiffs do allege the "foreclosing defendants" are acting as debt collectors under the statutes, and they also allege Defendants are "foreclosing defendants." (SAC ¶¶ 60, 72, 91.) Furthermore, Plaintiffs' debt collection claims do not rely solely on the foreclosure activity. (Id. ¶¶ 60, 65, 72, 77.) Accordingly, the Court denies Defendants' motion to dismiss these claims.

**D.     Wrongful Foreclosure**

Plaintiffs' fourth claim is for wrongful foreclosure. Defendants argue this claim should be dismissed because Plaintiffs have failed to tender. The Court agrees, *see Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (citing *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021-22 (1989)) (stating plaintiffs are required to allege tender of the amount of their indebtedness to maintain any claim for irregularity in the sale procedure), and thus grants Defendants' motion to dismiss this claim with prejudice.[2]

**E.     RESPA Claim**

Plaintiffs' fifth claim alleges Defendants violated RESPA by failing to make certain disclosures in connection with the alleged loan modification and by failing to respond to Plaintiffs' qualified written request ("QWR") for information about their loan. Defendants argue RESPA does not apply to loan

---

[2] Plaintiffs' failure to tender also warrants dismissal of their quiet title claim.

1 modifications, and even if it did, the loan modification at issue here was never executed, and thus it is
2 not legally binding. They also assert Plaintiffs' QWR is invalid.

3 To the extent Plaintiffs' RESPA claim is based on disclosures related to the alleged loan
4 modification, the Court agrees with Defendants that that claim must be dismissed because the alleged
5 loan modification was never executed by Defendants.[3] However, the Court is not persuaded that
6 Plaintiffs' QWR is not, in fact, a valid QWR. Accordingly, to the extent Plaintiffs' RESPA claim is
7 based on Defendants' failure to respond to the QWR, the motion to dismiss is denied.

**F. Breach of Fiduciary Duty**

Plaintiffs' sixth claim alleges Defendants breached a fiduciary duty to Plaintiffs. However, the relationship between a lending institution and a borrower is not fiduciary in nature. *Nymark v. Heart Federal Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1092 n.1 (1991). A fiduciary relationship arises only where the lender takes on a special relationship with the borrower, and Plaintiffs fail to allege facts giving rise to a special relationship. Accordingly, the Court grants the motion to dismiss this claim with prejudice as against these Defendants.

**G. Misrepresentation Claims**

In the order on Defendants' previous motion to dismiss, the Court dismissed Plaintiffs' intentional and negligent misrepresentation claims for failure to comply with Federal Rule of Civil Procedure 9(b), but granted Plaintiffs leave to amend those claims. Plaintiffs amended those claims with respect to the moving Defendants, but Defendants argue the claims are still deficient for failure to establish damages. The Court disagrees, and thus denies Defendants' motion to dismiss these claims.

**H. 17200 Claim**

In support of their motion to dismiss Plaintiffs' claims for violations of section 17200, Defendants raise arguments similar to those presented in their previous motion to dismiss. The Court rejected those arguments the first time they were presented, and rejects them again for the reasons stated in the previous order. Accordingly, Defendants' motion to dismiss this claim is denied.

/ / /

---

[3] In the absence of a fully executed written agreement, the Court also grants Defendants' motion to dismiss Plaintiffs' breach of contract, bad faith and rescission claims. Those claims are dismissed with prejudice as to these Defendants.

**I.    Accounting**

Plaintiffs' final claim is for an accounting. The Court dismissed this claim in response to Defendants' previous motion to dismiss, but gave Plaintiffs leave to amend. In accordance with the Court's previous order, and the Court's dismissal of Plaintiffs' breach of fiduciary duty claim, the Court grants the motion to dismiss Plaintiffs' accounting claim with prejudice as against these Defendants.

**III.**

**CONCLUSION AND ORDER**

For these reasons, the Court grants in part and denies in part Defendants' motion to dismiss. Specifically, the Court grants Defendants' motion to dismiss Plaintiff's first, fourth, sixth, tenth, eleventh, twelfth, thirteenth and fourteenth claims as against the moving Defendants. Pursuant to the Court's order on Defendants' previous motion to dismiss, these claims are dismissed with prejudice. The Court denies Defendants' motion to dismiss the remainder of Plaintiffs' claims.

**IT IS SO ORDERED**.

DATED: June 14, 2011

_____
HON. DANA M. SABRAW
United States District Judge